John Troy (JT 0481)
*JOHN TROY & ASSOCIATES, PLLC*
*41-25 Kissena Boulevard, Suite 119*
*Flushing, NY 11355*
*(718) 762-1324*
*(718) 762-1342 (fax)*

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
XIA PING PU a/k/a LISA PU

                                                        **Plaintiff,**        <u>COMPLAINT</u>

       **-against-**

HUI QIN, JIAN QIN, and DO LIU

                                                        **Defendants.**
-------------------------------------------------------------X

Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York Labor Law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Plaintiff XIA PING PU a/k/a LISA PU was a domestic service worker for Defendants from February 2011 to December 2011.

4. Defendant HUI QIN was Plaintiff XIA PING PU a/k/a LISA PU's primary employer from February 2011 to December 2011.

5. Defendant JIAN QIN is Mr. Qin's sister who hired Ms. Pu for her brother and supervised Ms. Pu's work from the start of Ms. Pu's employment to November 11, 2011.

6. Defendant DO LIU is Mr. Qin's wife who took over Ms. Qin's role as Ms. Pu's supervisor on November 11, 2011. Ms. Liu continued to supervise Ms. Pu for the remainder of Ms. Pu's employment.

7. Defendants Mr. Qin, Ms. Qin, and Ms. Liu each had the power to hire and fire Plaintiff, set wages, set terms and conditions of employment, and maintain employment records.

8. All Defendants reside at 39 Applegreen Drive, Old Westbury, NY 11568.

9. At all times relevant to this action, Ms. Pu was a domestic service worker hired and supervised by Defendants within the meaning of the Fair Labor Standards Act and New York Labor Law.

## FACTS

10. At all times relevant to this action, Ms. Pu's duties included, but were not limited to, the following:

    a. Cooking three meals each day for ten persons;

    b. Taking care of and looking after Defendants' pet dog;

    c. Kitchen duties;

    d. Maintaining and cleaning the house including, but not limited to, every bedroom, living room, dining room, and bathrooms;

    e. Laundering clothes (by hand);

    f. Escort and/or accompany Mr. Qin's children to any place assigned by Defendants.

11. In order to complete her major duties as a domestic service worker, Plaintiff handled goods such as soap, mops, detergents, vacuum cleaners, and other goods that were produced for interstate commerce.

12. Plaintiff's employment freed Defendants to engage in such activities of interstate commerce.

13. In order to complete a sixteen (16) hour shift, Plaintiff had to reside in the household where she was employed.

14. Plaintiff regularly worked ninety-six (96) hours per week -- sixteen (16) hours a day for six (6) days a week.

15. Plaintiff was not compensated the federal and state overtime pay for all hours worked. Instead, Defendants paid Plaintiff $3,200.00 a month from February 2011 to December 2011. During the entire period of employment, Plaintiff worked for 16 hours each day, 6 days a week. Plaintiff is thus entitled to fifty-two (52) hours of overtime pay per week. Defendants paid Plaintiff the above amount per month, regardless of the amount of shifts and the duration of the shifts.

16. Plaintiff was not compensated New York's "spread of hours" premium for days on which her shifts lasted longer than ten (10) hours.

17. Defendants committed the alleged acts herein knowingly, intentionally, and willfully. Defendants knew that the nonpayment of overtime pay and spread-of-hours pay would financially injure Plaintiff and violate state and federal laws.

18. On information and belief, Defendants failed to keep a correct and accurate record for Plaintiff's employment showing daily and weekly hours worked, wage rate, gross wages, allowance, if any, claimed as part of the wage, deductions from wages, and net wages. Defendants never furnished any records for examination on the premise where Plaintiff worked.

19. Plaintiff never received a wage statement with each payment of wages listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the wage, deductions from wages, and net wages.

20. Plaintiff worked more than ten (10) hours including the noonday meal period (11:00 a.m. to 2:00 p.m.) without a meal break of at least 30 minutes. Although Plaintiff's work started before 11:00 a.m. and ended later than 7:00 p.m., Defendants did not provide Plaintiff with a second meal period between 5:00 p.m. and 7:00 p.m..

21. Defendants did not give to Plaintiff three paid days off after one year of work as required by New York State Labor Law.

22. Defendants failed to place posting notice for domestic service workers as required by New York State Labor Law.

23. Defendants failed to secure Workers' Compensation and Disability Benefits for Plaintiff who worked for forty (40) or more hours a week for Defendants.

24. Plaintiff was provided three meals a day and was provided lodging for seven days a week.

## FIRST CLAIM FOR RELIEF

**FLSA Overtime Violations, 29 U.S.C. §201, *et seq.***

25. Plaintiff alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

26. At all relevant times, Plaintiff had been an "employee" that dealt with goods and materials that were produced for "interstate commerce" and Plaintiff freed Defendants to participate in interstate commerce.

27. At all relevant times, Defendants had Plaintiff work under decisions, procedures, practices, and routines of willfully failing and refusing to pay Plaintiff at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff was entitled to overtime.

28. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates, one-and-one-half times the federal minimum wage for hours worked in excess of forty-four (44) hours per workweek.

29. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**New York State Minimum Wage Act, Overtime Violations, N.Y. Stat. § 650 *et seq.***

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. It is unlawful under New York law for an employer to suffer to permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty-four (44) hours in any workweek.

32. Throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates, one-and-one-half times her regular rate for hours worked in excess of forty-four (44) hours per workweek.

33. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees pursuant to N.Y. Labor law § 663.

### THIRD CLAIM FOR RELIEF

**New York Spread of Hours Provisions, New York Labor Law § 650 *et seq.*, and N.Y. Comp. Code R. & Regs Tit. 12 § 1371.7**

34. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

35. It is unlawful under New York law for an employer to suffer to permit a non-exempt employee to work without paying the employee for one additional hour of pay for all days when the spread of hours exceeds ten (10) hours.

36. Plaintiff's workday regularly lasted longer than ten (10) hours.

37. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be

established at trial, liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including unpaid overtime compensation, spread-of-hours compensation, and compensation for uniform maintenance and liquidated damages plus interest, to be paid by Defendants.

B. Costs of action incurred herein, including expert fees;

C. Attorneys' fees and costs, including fees pursuant to 29 U.S.C. §201 *et seq.*, 12 N.Y.C.R.R. § 146-1.4, 12 N.Y.C.R.R. § 146-1.6, 12 N.Y.C.R.R. § 146-1.7 and other applicable statutes.

D. Pre-judgment and post-judgment interest, as provided by law, and

E. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
January 24, 2012

RESPECTFULLY SUBMITTED,
JOHN TROY & ASSOCIATES, PLLC

By: John Troy (JT0481)
41-25 Kissena Blvd., Suite 119
Flushing, New York 11355
(718) 762-1324 (phone)
(718) 762-1342 (fax)

Attorney for Plaintiff